UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN MORALES,<br><br>    **Plaintiff,**<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION[1],<br><br>    **Defendant.** | Case No. CV 05-01244 AJW<br><br>ORDER GRANTING PETITION<br>FOR EAJA FEES<br>28 U.S.C. § 2412 |

Before the court is plaintiff's petition for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("petition"), filed on July 19, 2006. Defendant filed a response to the petition, and plaintiff filed a reply.

**Proceedings**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits and supplemental security income benefits. On April 20, 2006, judgment was entered affirming in part and reversing in part and remanding the case for the payment of a benefits based on a closed period of disability. Proceeding pro se, plaintiff appealed the judgment to the

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

Ninth Circuit Court of Appeals, which dismissed the appeal on April 5, 2007. Plaintiff's EAJA application was filed in this court while her appeal was still pending.

**Discussion**

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). The government has the burden of proving that its position was substantially justified. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996). Substantial justification means that the Commissioner's position must have a reasonable basis in law and in fact. Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998). The government must show that its position is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." Corbin, 149 F.3d at 1053 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The government's position must be substantially justified at each stage in the proceedings. Corbin, 149 F.3d at 1053 (citing Flores v. Shalala, 49 F.3d 562, 569-571 (9th Cir. 1995)).

Plaintiff seeks EAJA fees for 28.35 hours of attorneys' time litigating this case in this court, including hours spent briefing the EAJA fee petition, at the inflation-adjusted statutory rate of $150 per hour.[2] The Commissioner does not contend that his position was substantially justified, nor does he contend that the number of hours claimed or the hourly rate sought is unreasonable. Rather, the Commissioner opposed plaintiff's EAJA petition solely on the ground that it was premature because it was filed while plaintiff's appeal was still pending in the Ninth Circuit. The Commissioner asked either that the petition be stricken or be held in abeyance. Plaintiff contended that the petition was not premature, but if it were found to be so by the court, plaintiff asked that the petition be held in abeyance. Because the Ninth Circuit has dismissed plaintiff's appeal, there is no reason to delay disposition of the petition.

**Reasonableness of the number of hours claimed**

The party seeking to recover fees bears the burden of establishing entitlement to a fee award.

---

[2] Hours spent litigating EAJA fees are compensable under the EAJA. See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163-166 (1990).

1  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "A district court has wide latitude in determining the
2  number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of
3  an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146
4  (9th Cir. 2001).

5      Plaintiff's counsel has submitted an itemized statement of services rendered and has requested
6  compensation for an additional 4 hours spent preparing the EAJA fee petition and reply. The hours
7  expended by plaintiff's counsel appear to be reasonable and appropriate, and the Commissioner does not
8  contend otherwise. Accordingly, plaintiff is entitled to EAJA fees for 28.35 hours of attorney's time.

9  **Hourly rate**

10      Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court
11  determines that an increase in the cost of living or a special factor, such as the limited availability of
12  qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The
13  burden is on the party seeking an EAJA award to submit an application showing entitlement to EAJA fees,
14  including "the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B); see
15  Hensley, 461 U.S. at 437.

16      Plaintiff has met her burden to show entitlement to an upward adjustment in the hourly rate based
17  on an increase in the Consumer Price Index for urban consumers. See Sorenson, 239 F.3d at 1148-1149
18  (discussing calculation of the hourly rate adjusted for increase in the cost of living). The Commissioner
19  does not dispute the hourly rate of $150 requested by plaintiff.

20  ///
21  ///
22  ///

3

**Conclusion**

For the reasons discussed above, plaintiff's petition for EAJA fees is **granted** in the total amount of four thousand, two hundred fifty-two dollars and fifty cents ($4, 252.50) for 28.35 hours of attorney's time at the adjusted statutory hourly rate of $150. The Commissioner is directed to remit the EAJA fee award directly to plaintiff's counsel, Maria G. Galindo.[3]

**IT IS SO ORDERED.**

DATED: April 18, 2007

/ s /
_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[3] In the event attorneys' fees also are awarded to plaintiff's counsel under 42 U.S.C. § 406(b), counsel has an obligation to remit the smaller of the two fee awards to plaintiff. See Gisbrecht v. Barnhart, 535 U.S.789, 796 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).